UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| John Dabilis as parent and next friend of Thomas Dabilis, | \* \* |
| Plaintiff, | \* \* |
| -against - | \* \* |
| | \*   **DOCKET NO.** |
| Hillsborough County, Sergeant G. Antiles, And Correction Officers James Thornell, "John" Gardner, Jason Barbera, Quinford Robinson and "John" Zorzycki, | \* \*   **JURY TRIAL DEMANDED** \* \* \* |
| Defendants. | \* \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# COMPLAINT

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, JOHN DABILIS, seek relief for the defendants' violation of THOMAS DABILIS' rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, [ADA] 42 U.S.C. §§ 12101, *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, rights secured by the fourth, eighth and fourteenth amendments to the United States Constitution, and of rights secured under the laws and constitution of the State of New Hampshire. The plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorneys' fees, and other and further relief as this Court deems just and equitable.

## JURISDICTION

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 (a)(3) and (4), this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

3. Jurisdiction is also invoked herein pursuant to the fourth, eighth and fourteenth amendments to the United States Constitution and 42 U.S.C. § 1983.

4. The plaintiff requests that this Court exercise supplemental jurisdiction over any state court cause of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein. 28 U.S.C. § 1367.

## JURY TRIAL DEMANDED

5. Plaintiff demands a trial by jury on each of the causes of action pleaded herein.

## VENUE

6. Venue is proper for the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. THOMAS DABILIS, at all times relevant herein, was a resident of the State of New Hampshire, housed at the Hillsborough County Jail (Valley Street) in Manchester, New Hampshire.

8. At all times relevant, THOMAS DABILIS was a "qualified individual" with a disability under the ADA and Rehabilitation Act in that he is emotionally and psychologically impaired to the extent that his ability to perform tasks of daily living, care for himself and control his mental health condition are impaired.

9. Plaintiff JOHN DABILIS is the father and legal guardian of THOMAS DABILIS.

10. Defendant HILLSBOROUGH COUNTY is a municipal entity created and authorized under the laws of the State of New Hampshire. It is authorized by law to operate a jail (Valley Street), through its Department of Corrections, to house inmates and detainees.

11. Defendants ANTILES, THORNELL, GARDNER, BARBERA, ROBINSON and ZORZYCKI were, at all times relevant herein, acting under color of state law as officers, employees and agents of the Department of Corrections of the defendant HILLSBOROUGH COUNTY. These defendants are being sued individually and not in their official capacity.

## AS AND FOR A FIRST CAUSE OF ACTION:
## CIVIL RIGHTS VIOLATION AGAINST ALL INDIVIDUAL DEFENDANTS

12. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 11 above as is fully set forth herein.

13. On or about July 30, 2013, THOMAS DABILIS was incarcerated at Valley Street. THOMAS DABILIS was ordered by the individual defendants to exit his cell and he was agitated and uncooperative.

14. Prior to THOMAS DABILIS' incarceration at Valley Street, he was taking multiple medications for his disability.

15. THOMAS DABILIS was given none of his prescribed medication while at Valley Street.

16. While THOMAS DABILIS was still in his cell, the said defendants, both before and after the plaintiff was handcuffed and restrained, physically assaulted and

battered the plaintiff by smashing his face to the floor, repeatedly striking and kicking him about the body, and spraying him with pepper spray.

17.     That same day, the defendants placed THOMAS DABILIS in a restraint chair.  This was done to punish plaintiff and not for any valid penalogical reason.

18.     While THOMAS DABILIS was tied down in the restraint chair, the individual defendants beat THOMAS DABILIS about the body and spit on him.

19.     As a result of the foregoing incidents, plaintiff received numerous serious physical and emotional injuries causing THOMAS DABILIS pain and suffering.

20.     The conduct and action of defendants, ANTILES, THORNELL, GARDNER, BARBERA, ROBINSON and ZORZYCKI, acting under color of state law, was not done in good faith and was done intentionally, maliciously, and sadistically, with a deliberate indifference to the rights of THOMAS DABILIS, and was done unnecessarily and wantonly with the purpose of punishing and causing harm and inflicting pain, in violation of THOMAS DABILIS' constitutional rights as guaranteed under 42 U.S.C. §1983 and the fourth, eighth and fourteenth amendments to the United States Constitution.

21.     Additionally, all correction personnel at the scenes owed a duty to THOMAS DABILIS to intervene on his behalf to prevent the constitutional violations set forth above.

22.     In violation of that duty, defendants ANTILES, THORNELL, GARDNER, BARBERA, ROBINSON and ZORZYCKI failed to intercede.

23.     The breach of that duty, articulated above, was a proximate cause of the injuries and constitutional deprivations set forth above.

## AS AND FOR THE SECOND CAUSE OF ACTION: CIVIL RIGHTS VIOLATION AGAINST DEFENDANT HILLSBOROUGH COUNTY

24.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 23 above as if fully set forth herein.

25.     At all times material to this complaint, defendant HILLSBOROUGH COUNTY had in effect *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of defendants ANTILES, THORNELL, GARDNER, BARBERA, ROBINSON and ZORZYCKI, including but not limited to the unconstitutional use of force and restraint chairs.

26.     On information and belief, defendant HILLSBOROUGH COUNTY failed to establish guidelines for, and/or train, supervise or educate its agents, including the defendants, about correct practices and procedures in the use of force, use of restraint chairs and proper procedures in dealing with mentally ill and/or agitated inmates, thereby permitting the defendants to be in a position to violate the plaintiff's federal and state constitutional and statutory rights.

27.     On information and belief, defendant HILLSBOROUGH COUNTY failed to effectively screen, hire, train, supervise, and discipline its agents, including defendants, for their propensity for inappropriate behavior, thereby permitting defendants ANTILES, THORNELL, GARDNER, BARBERA, ROBINSON and ZORZYCKI to be in a position to violate the plaintiff's federal and state constitutional and statutory rights.

28.     Defendant HILLSBOROUGH COUNTY, being aware that such lack of effective screening and hiring, and lack of training, supervision, and discipline, leads to

improper conduct by its agents, acted with deliberate indifference in failing to establish a program of effective screening and hiring, and failing to establish a program of training, supervision and discipline.

29. As a result of a conscious policy, practice, custom or usage, defendant HILLSBOROUGH COUNTY has permitted and allowed for the employment and retention of individuals as agents whose individual circumstances place the public at large, or segments thereof, at substantial risk of being the victims of discriminatory, assaultive, abusive, or otherwise illegal and offensive behavior. Such policy, practice, custom and usage are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm to the plaintiff.

30. The conduct of defendant HILLSBOROUGH COUNTY was the direct and proximate cause of bodily and psychological harm, pain and suffering in violation of THOMAS DABILIS' rights as guaranteed by 42 U.S.C. §1983 and the fourth, eighth and fourteenth amendments to the United States Constitution.

31. As a direct and proximate result of the defendant's wrongful policies, practices, customs and usages complained of herein, THOMAS DABILIS has suffered physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment, and medical expenses.

### AS AND FOR THE THIRD CAUSE OF ACTION: ADA AND REHABILITATION ACT AGAINST HILLSBOROUGH COUNTY

32. Plaintiffs re-allege and incorporate herein the allegations set forth in Paragraphs 1 through 31 above as it fully set forth herein.

33.     THOMAS DABILIS, is disabled as defined by the ADA and Rehabilitation Act; he is a qualified individual with a disability.   Defendants knew or should have known of his disability.

34.     Defendant, HILLSBOROUGH COUNTY, is a recipient of federal financial assistance.

35.     The ADA and Section 504 of the Rehabilitation Act require that no qualified individual with a disability, on the basis of that disability, be excluded from participation in or be denied the benefit of the services, programs, activities, or to otherwise be discriminated against by a public entity.

36.     HILLSBOROUGH COUNTY has discriminated against THOMAS DABILIS, because of his disability and deprived him of services he was entitled to.  The policies and procedures of the HILLSBOROUGH COUNTY are constitutionally inadequate to provide emotionally disturbed individuals, such as plaintiff HILLSBOROUGH COUNTY, with services he requires and to prohibit discrimination against him due to his disability.

37.     As a result of HILLSBOROUGH COUNTY's actions, THOMAS DABILIS has been injured and suffered physical injuries, medical expenses, emotional distress, pain and anguish.

38.     HILLSBOROUGH COUNTY's actions were intentional and with reckless disregard and deliberate indifference to the plaintiff's rights as a person with a disability.

### AS AND FOR THE FOURTH THROUGH SEVENTH CAUSE OF ACTION
### SUPPLEMENTAL STATE CLAIMS AGAINST ALL DEFENDANTS

39. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 38 above as if fully set forth herein.

40. The conduct of defendants ANTILES, THORNELL, GARDNER, BARBERA, ROBINSON and ZORZYCKI alleged herein occurred while, and during the course and scope of their duties and functions as Correction Officers, and while they were acting as agents and employees of the defendant HILLSBOROUGH COUNTY, and as a result, defendant HILLSBOROUGH COUNTY is liable to THOMAS DABILIS pursuant to the state common law doctrine of *respondeat superior*.

41. Pursuant to N.H.R.S.A. 507-B:7, the plaintiff, by certified mail, return receipt requested, gave notice to the defendant, HILLSBOROUGH COUNTY, of this claim.

42. By the actions described above, the defendants individually and collectively, have committed the following wrongful acts against THOMAS DABILIS:

    a. Assault on the person of plaintiff, THOMAS DABILIS;

    b. Battery on the person of plaintiff, THOMAS DABILIS;

    c. Intentional and negligent infliction of emotion distress on plaintiff, THOMAS DABILIS; and

    d. Violation of the rights otherwise guaranteed to the plaintiff under the laws and constitutions of the State of New Hampshire, and the United States.

WHEREFORE, the plaintiff demands the following relief jointly and severally against all of the defendants:

    A. Injunctive relief;

    B. Compensatory damages;

C.   Punitive damages;

D.   Enhanced compensatory damages;

E.   The appointment of a monitor to oversee the policies and actions of defendant HILLSBOROUGH COUNTY and its agents or employees;

F.   The convening and impaneling of a jury to consider the merits of the claims herein;

G.   Costs and interest and attorney's fees; and

H.   Such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: August 25, 2014
Manchester, New Hampshire

>           /s/ Lawrence A. Vogelman
> LAWRENCE A. VOGELMAN (10280)
> Nixon, Vogelman, Barry, Slawsky & Simoneau, P.A.
> 77 Central Street
> Manchester, NH 03101
> (603) 669-7070
>
> Attorneys for the Plaintiff,
>
> JOHN DABILIS as parent and next friend of
> THOMAS DABILIS